**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT NEW YORK**

| | |
|---|---|
| ALLERGAN, INC. and ABBVIE INC., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | C.A. No. _____ |
| v. ) | |
| ) | |
| AMNEAL PHARMACEUTICALS OF NEW YORK, ) | |
| LLC, AMNEAL EU, LIMITED, and AMNEAL ) | |
| PHARMACEUTICALS PRIVATE LIMITED, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Allergan, Inc. ("Allergan") and AbbVie Inc. ("AbbVie" and, collectively with

Allergan, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants

Amneal Pharmaceuticals of New York, LLC; Amneal EU, Limited; and Amneal Pharmaceuticals

Private Limited (collectively "Amneal" or "Defendants"), and allege as follows:

**NATURE OF THE ACTION**

1.      This action for patent infringement, brought pursuant to the patent laws of the

United States, 35 U.S.C. §§ 1 *et seq.*, arises from Amneal's submission to the United States Food

and Drug Administration ("FDA") of an Abbreviated New Drug Application ("ANDA") seeking

approval to market a generic version of Plaintiffs' successful pharmaceutical product LUMIGAN®

0.01% prior to the expiration of U.S. Patent Nos. 7,851,504 ("'504 Patent"); 8,278,353 ("'353

Patent"); 8,299,118 ("'118 Patent"); 8,309,605 ("'605 Patent"); 8,338,479 ("'479 Patent");

8,524,777 ("'777 Patent"); 8,586,630 ("'630 Patent"); 8,772,338 ("'338 Patent"); 8,933,120 ("'120

Patent"); 8,933,127 ("'127 Patent"); 9,155,716 ("'716 Patent"); and 9,241,918 ("'918 Patent")

(collectively the "patents-in-suit"), which are each listed for LUMIGAN® 0.01% in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book").

2.    Amneal has infringed one or more claims of each of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A) by filing its ANDA No. 217289 ("Amneal's ANDA") seeking FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Amneal's generic version of LUMIGAN® 0.01% ("Amneal's ANDA Product") prior to the expiration of the patents-in-suit. Amneal will infringe one or more claims of each of the patents-in-suit under 35 U.S.C. § 271(a), (b), and/or (c) should it engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Amneal's ANDA Product prior to the expiration of the patents-in-suit.

## LUMIGAN®

3.    Open angle glaucoma is a chronic, progressive optic neuropathy that can result in blindness. Elevated intraocular pressure presents a major risk factor for glaucomatous field loss. The higher the level of intraocular pressure, the greater the likelihood of optic nerve damage and visual field loss.

4.    LUMIGAN® 0.01% safely and effectively reduces intraocular pressure in patients suffering from open angle glaucoma and ocular hypertension.

5.    The FDA approved LUMIGAN® 0.01% on August 31, 2010, pursuant to New Drug Application ("NDA") No. 22184. A true and correct copy of the prescribing label for LUMIGAN® 0.01% is attached as Exhibit A.

6.    Plaintiffs developed LUMIGAN® 0.01% and market and sell it in this judicial district and throughout the United States.

7.    The '504 Patent, which expires June 13, 2027, is listed in the Orange Book with respect to LUMIGAN® 0.01% and NDA No. 22184.

8.    The rest of the patents-in-suit, each of which expires March 16, 2025, are listed in the Orange Book with respect to LUMIGAN® 0.01% and NDA No. 22184.

9.    LUMIGAN® 0.01% has been the subject of prior ANDA litigation. *See Allergan, Inc. v. Sandoz, Inc.*, C.A. No. 6:11-cv-441 (E.D. Tex.). In the litigation against Sandoz, Inc., the district court held a bench trial and found all asserted patents—the '504, '353, '118, '605, and '479 Patents—valid and infringed and entered a permanent injunction. *See Allergan, Inc. v. Sandoz, Inc.*, C.A. No. 6:11-cv-441, at D.I. 303; *see also id.*, 2014 WL 12622277, at *12, 37-38 (E.D. Tex. Jan. 13, 2014). The district court's decision was affirmed in all respects on appeal. *Allergan, Inc. v. Sandoz Inc.*, 796 F.3d 1293 (Fed. Cir. 2015).

10.    LUMIGAN® 0.01% is also the subject of concurrent ANDA litigation.  *See Allergan, Inc. v. Mankind Pharma Ltd.*, C.A. No. 1:23-cv-00272 (D. Del.). Defendant Mankind Pharma Limited has limited its challenge to the '504 Patent and to date has not contested the validity of that patent.

### THE PARTIES

11.    Plaintiff AbbVie is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 1 North Waukegan Road, North Chicago, Illinois 60064. AbbVie is a global research and development-based biopharmaceutical company committed to developing innovative therapies for some of the world's most complex and critical conditions. AbbVie's mission is to use its expertise, dedicated people, and unique approach to innovation to markedly improve treatments across therapeutic areas, including eye diseases.

12.    AbbVie holds NDA No. 22184 for LUMIGAN® 0.01%. *See* Exhibit B.

3

13. Plaintiff Allergan is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1 North Waukegan Road, North Chicago, Illinois 60064. Allergan is the assignee of the patents-in-suit. Allergan is an indirectly wholly owned subsidiary of AbbVie.

14. On information and belief, Defendant Amneal Pharmaceuticals of New York, LLC, is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 50 Horseblock Road, Brookhaven, NY 11719. On further information and belief, Amneal Pharmaceuticals of New York, LLC, is the U.S. agent for Amneal EU, Limited.

15. On information and belief, Defendant Amneal EU, Limited is a corporation organized and existing under the laws of Ireland, having its principal place of business at 70 Sir Rogerson's Quay, D02 R296 Dublin, Ireland.

16. On information and belief, Defendant Amneal Pharmaceuticals Private Limited is a corporation organized and existing under the laws of the Republic of India, having its principal place of business at 882/1-871 Village: Rajoda, Near Hotel Kankavati, Taluka: Bavla, District: Ahmedabad-382220, Gujarat, India.

17. On information and belief, Defendants prepared and submitted ANDA No. 217289 and continue to seek FDA approval for that application.

18. On information and belief, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv), Amneal prepared and sent to Plaintiffs a letter dated July 5, 2023 (the "Notice Letter"), purporting to inform Plaintiffs that "Amneal Pharmaceuticals of New York, LLC, U.S. Agent for Amneal EU, Limited" had "filed an [ANDA]" with a Paragraph IV certification to the FDA with respect to the patents-in-suit.

19. On information and belief, Defendants stand to benefit from the approval of Amneal's ANDA. On information and belief, Amneal Pharmaceuticals of New York, LLC; Amneal EU, Limited; and Amneal Pharmaceuticals Private Limited collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, Defendants are agents of each other and/or operate in concert as integrated parts of the same business group, and regularly enter into agreements with each other that are nearer than arm's length. Furthermore, on information and belief, Defendants intend to commercially manufacture, market, offer for sale, and sell Amneal's ANDA Product throughout the United States, including in the State of New York, in the event the FDA approves Amneal's ANDA.

## JURISDICTION AND VENUE

20. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

21. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271, specifically. Therefore, subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

22. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants, *inter alia*, have continuous and systematic contacts with New York, regularly conduct business in New York, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos, have purposefully availed themselves of the privilege of doing business in New York, and intend to sell Amneal's ANDA Product in New York upon approval of Amneal's ANDA. Furthermore, Amneal Pharmaceutical of New York, LLC, has its principal place of business in this judicial district: 50 Horseblock Road, Brookhaven, NY 11719.

23.    Additionally, this Court has personal jurisdiction over Amneal EU, Limited and Amneal Pharmaceuticals Private Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Amneal EU, Limited and Amneal Pharmaceuticals Private Limited are both foreign defendants not subject to general personal jurisdiction in the courts of any state; and (c) Amneal EU, Limited and Amneal Pharmaceuticals Private Limited both have sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Amneal's ANDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Amneal EU, Limited and Amneal Pharmaceuticals Private Limited satisfies due process.

24.    On information and belief, Defendants are in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Defendants manufacture, distribute, market and/or sell throughout the United States and in this judicial district.

25.    On information and belief, Defendants are licensed to sell generic and proprietary pharmaceutical products in New York, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos.

26.    Defendants have committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the patents-in-suit that will lead to foreseeable harm and injury to Plaintiffs. On information and belief, and as indicated by the Notice Letter sent by Amneal Pharmaceuticals of New York, LLC to Allergan, Inc. pursuant to 21 U.S.C. § 355(j)(2)(b), Defendants prepared and filed Amneal's ANDA with the intention of seeking to market Amneal's ANDA Product nationwide, including within this judicial district.

27.    On information and belief, if the FDA approves ANDA No. 217289, Defendants intend to market, offer for sale, sell, and/or distribute Amneal's ANDA Product in New York and to residents of New York, list Amneal's ANDA Product on New York's prescription drug formulary, and seek Medicaid reimbursements for sales of Amneal's ANDA Product in the State of New York, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos. Defendants will derive substantial revenue from the use or consumption of Amneal's ANDA Product in New York.

28.    On information and belief, Defendants know and intend that Amneal's ANDA Product will be distributed and sold in New York and will thereby displace sales of LUMIGAN® 0.01%, causing injury to Plaintiffs. Defendants intend to take advantage of their established channels of distribution in New York for the sale of Amneal's ANDA Product.

29.    Venue is proper in this district for Amneal Pharmaceuticals Private Limited pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Amneal Pharmaceuticals Private Limited is a corporation organized and existing under the laws of Republic of India and as such may be sued in any judicial district.

30.    Venue is proper in this district for Amneal EU, Limited pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Amneal EU, Limited is a corporation organized and existing under the laws of Ireland and as such may be sued in any judicial district.

31.    Venue is proper in this district for Amneal Pharmaceuticals of New York, LLC, pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Amneal Pharmaceuticals of New York, LLC: (1) has committed acts of infringement in this judicial district and (2) has a regular and established place of business in this judicial district, in particular, its principal place of business, located at 50 Horseblock Road, Brookhaven, NY 11719. Furthermore, on information

and belief, Amneal Pharmaceuticals of New York, LLC, has an additional regular and established place of business in this judicial district through its facility at 85 Adams Avenue, Hauppauge, NY 11788.

32.    On information and belief, Amneal Pharmaceuticals of New York, LLC has infringed one or more claims of each of the patents-in-suit from within this judicial district at least by submitting Amneal's ANDA with a Paragraph IV certification, thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the patents-in-suit, an act which violates 35 U.S.C. § 271(e)(2)(A).

33.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the patents-in-suit would infringe one or more claims of the patents-in-suit under 35 U.S.C. § 271(a), and/or Amneal Pharmaceuticals of New York, LLC, would induce or contribute to infringement of one or more claims of the patents-in-suit under 35 U.S.C. § 271(b) and/or (c) should it engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Amneal's ANDA Product prior to the expiration of the patents-in-suit.

### THE PATENTS-IN-SUIT

34.    The '504 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on December 14, 2010. A true and correct copy of the '504 Patent is attached as Exhibit C.

35.    The '353 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on October 2, 2012. A true and correct copy of the '353 Patent is attached as Exhibit D.

8

36.    The '118 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on October 30, 2012. A true and correct copy of the '118 Patent is attached as Exhibit E.

37.    The '605 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on November 13, 2012. A true and correct copy of the '605 Patent is attached as Exhibit F.

38.    The '479 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on December 25, 2012. A true and correct copy of the '479 Patent is attached as Exhibit G.

39.    The '777 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on September 3, 2013. A true and correct copy of the '777 Patent is attached as Exhibit H.

40.    The '630 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on November 19, 2013. A true and correct copy of the '630 Patent is attached as Exhibit I.

41.    The '338 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on July 8, 2014. A true and correct copy of the '338 Patent is attached as Exhibit J.

42.    The '120 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on January 13, 2015. A true and correct copy of the '120 Patent is attached as Exhibit K.

43.    The '127 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on January 13, 2015. A true and correct copy of the '127 Patent is attached as Exhibit L.

44.    The '716 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on October 13, 2015. A true and correct copy of the '716 Patent is attached as Exhibit M.

45.    The '918 Patent, entitled "Enhanced bimatoprost ophthalmic solution," was duly and legally issued on January 26, 2016. A true and correct copy of the '918 Patent is attached as Exhibit N.

46.    All of the patents-in-suit, except for the '504 Patent, expire on March 16, 2025. The United States Patent & Trademark Office awarded 819 days of patent term adjustment to the '504 Patent. The '504 Patent expires June 13, 2027.

47.    Allergan is the assignee of all of the patents-in-suit.

**AMNEAL'S ANDA**

48.    On information and belief, Amneal through its actions and/or through the actions of its agents and subsidiaries, prepared and submitted Amneal's ANDA to the FDA. Amneal's ANDA seeks approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States, including New York, of Amneal's ANDA Product, a generic version of LUMIGAN® 0.01%, before the expiration of the patents-in-suit.

49.    On information and belief, following FDA approval of the ANDA, Amneal will commercially manufacture, use, sell, offer for sale, and/or import Amneal's ANDA Product throughout the United States, including within the State of New York.

50.    On information and belief, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv), Amneal prepared and sent to Plaintiffs the Notice Letter, purporting to inform Plaintiffs that Amneal had

10

filed a certification to the FDA with respect to the '504 Patent, '353 Patent, '118 Patent, '605 Patent, '479 Patent, '777 Patent, '630 Patent, '338 Patent, '120 Patent, '127 Patent, '716 Patent, and '918 Patent.

**CLAIM FOR RELIEF**
**COUNT I: INFRINGEMENT OF THE '504 PATENT BY AMNEAL**

51.     Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

52.     On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

53.     On information and belief, Amneal's ANDA Product infringes one or more claims of the '504 Patent.

54.     Amneal has infringed one or more claims of the '504 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '504 Patent.

55.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '504 Patent would infringe one or more claims of the '504 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '504 Patent under 35 U.S.C. § 271(b) and/or (c).

56.     For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 200 ppm of benzalkonium chloride," as required by Claim 1 of the '504 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 200 ppm benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '504 Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '504 Patent.

57.    Amneal had actual and constructive notice of the '504 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '504 Patent would constitute an act of infringement of the '504 Patent.

58.    Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '504 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

### COUNT II: INFRINGEMENT OF THE '353 PATENT BY AMNEAL

59.    Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

60.    On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

61.    On information and belief, Amneal's ANDA Product infringes one or more claims of the '353 Patent.

62.    Amneal has infringed one or more claims of the '353 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '353 Patent.

63.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '353 Patent would infringe one or more claims of the '353 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '353 Patent under 35 U.S.C. § 271(b) and/or (c).

64.     For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 0.02% w/v benzalkonium chloride," as required by Claim 1 of the '353 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 0.02% w/v benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '353 Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '353 Patent.

65.     Amneal had actual and constructive notice of the '353 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '353 Patent would constitute an act of infringement of the '353 Patent.

66.     Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '353 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT III: INFRINGEMENT OF THE '118 PATENT BY AMNEAL**

67.     Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

68.     On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

69.     On information and belief, Amneal's ANDA Product infringes one or more claims of the '118 Patent.

13

70.    Amneal has infringed one or more claims of the '118 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '118 Patent.

71.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '118 Patent would infringe one or more claims of the '118 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '118 Patent under 35 U.S.C. § 271(b) and/or (c).

72.    For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 0.02% w/v benzalkonium chloride," as required by Claim 1 of the '118 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 0.02% w/v benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '118 Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '118 Patent.

73.    Amneal had actual and constructive notice of the '118 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '118 Patent would constitute an act of infringement of the '118 Patent.

74.    Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '118 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV: INFRINGEMENT OF THE '605 PATENT BY AMNEAL

75.     Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

76.     On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

77.     On information and belief, Amneal's ANDA Product infringes one or more claims of the '605 Patent.

78.     Amneal has infringed one or more claims of the '605 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '605 Patent.

79.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '605 Patent would infringe one or more claims of the '605 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '605 Patent under 35 U.S.C. § 271(b) and/or (c).

80.     For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 200 ppm benzalkonium chloride," as required by Claim 1 of the '605 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 200 ppm benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '605 Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '605 Patent.

81.     Amneal had actual and constructive notice of the '605 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '605 Patent would constitute an act of infringement of the '605 Patent.

82.     Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '605 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

### COUNT V: INFRINGEMENT OF THE '479 PATENT BY AMNEAL

83.     Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

84.     On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

85.     On information and belief, Amneal's ANDA Product infringes one or more claims of the '479 Patent.

86.     Amneal has infringed one or more claims of the '479 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '479 Patent.

87.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '479 Patent would infringe one or more claims of the '479 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '479 Patent under 35 U.S.C. § 271(b) and/or (c).

88.     For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 200 ppm benzalkonium chloride," as required by Claim 1 of the '479 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 200 ppm benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '479

Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '479 Patent.

89. Amneal had actual and constructive notice of the '479 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '479 Patent would constitute an act of infringement of the '479 Patent.

90. Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '479 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VI: INFRINGEMENT OF THE '777 PATENT BY AMNEAL

91. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

92. On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

93. On information and belief, Amneal's ANDA Product infringes one or more claims of the '777 Patent.

94. Amneal has infringed one or more claims of the '777 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '777 Patent.

95. On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '777 Patent would infringe one or more

claims of the '777 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '777 Patent under 35 U.S.C. § 271(b) and/or (c).

96. For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 0.02% w/v benzalkonium chloride," as required by Claim 1 of the '777 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 0.02% w/v benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '777 Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '777 Patent.

97. Amneal had actual and constructive notice of the '777 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '777 Patent would constitute an act of infringement of the '777 Patent.

98. Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '777 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT VII: INFRINGEMENT OF THE '630 PATENT BY AMNEAL**

99. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

100. On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

101. On information and belief, Amneal's ANDA Product infringes one or more claims of the '630 Patent.

102.    Amneal has infringed one or more claims of the '630 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '630 Patent.

103.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '630 Patent would infringe one or more claims of the '630 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '630 Patent under 35 U.S.C. § 271(b) and/or (c).

104.    For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 200 ppm benzalkonium chloride," as required by Claim 1 of the '630 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 200 ppm benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '630 Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '630 Patent.

105.    Amneal had actual and constructive notice of the '630 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '630 Patent would constitute an act of infringement of the '630 Patent.

106.    Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '630 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT VIII: INFRINGEMENT OF THE '338 PATENT BY AMNEAL

107.    Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

108.    On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

109.    On information and belief, Amneal's ANDA Product infringes one or more claims of the '338 Patent.

110.    Amneal has infringed one or more claims of the '338 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '338 Patent.

111.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '338 Patent would infringe one or more claims of the '338 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '338 Patent under 35 U.S.C. § 271(b) and/or (c).

112.    For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 0.02% w/v benzalkonium chloride," as required by Claim 1 of the '338 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 0.02% w/v benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '338 Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '338 Patent.

113.    Amneal had actual and constructive notice of the '338 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '338 Patent would constitute an act of infringement of the '338 Patent.

114.   Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '338 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

### COUNT IX: INFRINGEMENT OF THE '120 PATENT BY AMNEAL

115.   Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

116.   On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

117.   On information and belief, Amneal's ANDA Product infringes one or more claims of the '120 Patent.

118.   Amneal has infringed one or more claims of the '120 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '120 Patent.

119.   On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '120 Patent would infringe one or more claims of the '120 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '120 Patent under 35 U.S.C. § 271(b) and/or (c).

120.   For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 0.02% w/v benzalkonium chloride," as required by Claim 1 of the '120 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 0.02% w/v benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '120

Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '120 Patent.

121.    Amneal had actual and constructive notice of the '120 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '120 Patent would constitute an act of infringement of the '120 Patent.

122.    Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '120 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

<u>**COUNT X: INFRINGEMENT OF THE '127 PATENT BY AMNEAL**</u>

123.    Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

124.    On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

125.    On information and belief, Amneal's ANDA Product infringes one or more claims of the '127 Patent.

126.    Amneal has infringed one or more claims of the '127 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '127 Patent.

127.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '127 Patent would infringe one or more

claims of the '127 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '127 Patent under 35 U.S.C. § 271(b) and/or (c).

128.   For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 0.02% w/v benzalkonium chloride," as required by Claim 5 of the '127 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 0.02% w/v benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 5 of the '127 Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 5 of the '127 Patent.

129.   Amneal had actual and constructive notice of the '127 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '127 Patent would constitute an act of infringement of the '127 Patent.

130.   Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '127 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XI: INFRINGEMENT OF THE '716 PATENT BY AMNEAL

131.   Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

132.   On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

133.   On information and belief, Amneal's ANDA Product infringes one or more claims of the '716 Patent.

134. Amneal has infringed one or more claims of the '716 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '716 Patent.

135. On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '716 Patent would infringe one or more claims of the '716 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '716 Patent under 35 U.S.C. § 271(b) and/or (c).

136. For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 0.02% w/v benzalkonium chloride," as required by Claim 1 of the '716 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 0.02% w/v benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '716 Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '716 Patent.

137. Amneal had actual and constructive notice of the '716 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '716 Patent would constitute an act of infringement of the '716 Patent.

138. Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '716 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XII: INFRINGEMENT OF THE '918 PATENT BY AMNEAL

139.    Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

140.    On information and belief, Amneal submitted Amneal's ANDA to the FDA, and thereby seeks FDA approval of Amneal's ANDA Product.

141.    On information and belief, Amneal's ANDA Product infringes one or more claims of the '918 Patent.

142.    Amneal has infringed one or more claims of the '918 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Amneal's ANDA with a Paragraph IV certification thereby seeking FDA approval of a generic version of LUMIGAN® 0.01% prior to the expiration of the '918 Patent.

143.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Amneal's ANDA Product prior to the expiration of the '918 Patent would infringe one or more claims of the '918 Patent under 35 U.S.C. § 271(a), and/or Amneal would induce or contribute to the infringement of one or more claims of the '918 Patent under 35 U.S.C. § 271(b) and/or (c).

144.    For example, Amneal's Notice Letter disputes that Amneal's ANDA Product contains "about 200 ppm benzalkonium chloride," as required by Claim 1 of the '918 Patent. However, Amneal's ANDA seeks approval to market a product that contains "about 200 ppm benzalkonium chloride." Amneal does not dispute that the other limitations of Claim 1 of the '918 Patent are met by Amneal's ANDA Product. Accordingly, upon information and belief, Amneal's ANDA Product meets every limitation of at least Claim 1 of the '918 Patent.

145.    Amneal had actual and constructive notice of the '918 Patent prior to filing Amneal's ANDA and was aware that the filing of Amneal's ANDA with the request for FDA approval prior to the expiration of the '918 Patent would constitute an act of infringement of the '918 Patent.

146.    Plaintiffs will be irreparably harmed if Amneal is not enjoined from infringing and from actively inducing or contributing to the infringement of the '918 Patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)    A Judgment that Amneal has infringed the patents-in-suit under 35 U.S.C. § 271(e)(2)(A);

(b)    A Judgment and Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval for Amneal's ANDA shall be no earlier than the expiration date of the patents-in-suit, or any later expiration of exclusivity for the patents-in-suit, including any extensions or regulatory exclusivities;

(c)    A Judgment and Order, pursuant to 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283, that Amneal, its directors, officers, agents, attorneys, affiliates, divisions, subsidiaries, successors and employees, and those acting in privity or concert with them, are restrained and enjoined from seeking, obtaining, and/or maintaining approval of Amneal's ANDA prior to the expiration of the patents-in-suit, or any later expiration of exclusivity for the patents-in-suit, including any extensions or regulatory exclusivities;

(d)    A Judgment and Order that Amneal, its directors, officers, agents, attorneys, affiliates, divisions, subsidiaries, successors and employees, and those acting in privity or concert with them, are permanently enjoined from commercially manufacturing, using, offering to sell, selling, marketing, distributing, or importing Amneal's ANDA Product and any other product that infringes or induces or contributes to the infringement of the patents-in-suit, prior to the expiration

26

of the patents-in-suit, or any later expiration of exclusivity for the patents-in-suit, including any extensions or regulatory exclusivities;

(e)      A Judgment declaring that making, using, selling, offering for sale, or importing of Amneal's ANDA Product, or inducing or contributing to such conduct, prior to the expiration of the patents-in-suit, or any later expiration of exclusivity for the patents-in-suit, including any extensions or regulatory exclusivities, would constitute infringement of the patents-in-suit under 35 U.S.C. § 271 (a), (b), and/or (c);

(f)      A declaration pursuant to 28 U.S.C. § 2201 *et seq.* that if Amneal, its directors, officers, agents, attorneys, affiliates, divisions, subsidiaries, successors and employees, and all persons and entities acting in concert with it or on its behalf, engage in commercial manufacture, use, offer for sale, sale, or importation of Amneal's ANDA Product, it will constitute an act of infringement of the patents-in-suit under 35 U.S.C. § 271 (a), (b), and/or (c);

(g)      An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Amneal engages in the commercial manufacture, use, offer to sell, sale, and/or importation of Amneal's ANDA Product, or any product that infringes the patents-in-suit, or induces or contributes to such conduct, prior to the expiration of the patents-in-suit, or any later expiration of exclusivity for the patents-in-suit, including any extensions or regulatory exclusivities;

(h)      A finding that this case is an exceptional case and an award of attorneys' fees in this action under 35 U.S.C. § 285;

(i)      Costs and expenses in this action; and

(j)      Such other and further relief as this Court deems just and proper.

COVINGTON & BURLING LLP

By: s/ _Alan Vinegrad_____
Alan Vinegrad
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1022
avinegrad@cov.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Christopher Sipes (*pro hac vice* application forthcoming)
Michael N. Kennedy (*pro hac vice* application forthcoming)
Erica N. Andersen (*pro hac vice* application forthcoming)
Brianne Bharkhda (*pro hac vice* application forthcoming)
Douglas A. Behrens (*pro hac vice* application forthcoming)
Jia Hui Jiang (*pro hac vice* application forthcoming)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

August 17, 2023